146 N.J. Super. 548 (1977)
370 A.2d 95
STATE OF NEW JERSEY, PLAINTIFF,
v.
ANTHONY COMPLETO, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided January 17, 1977.
*549 Mr. Jeffrey S. Blitz, Assistant Prosecutor, for the State (Mr. Richard J. Williams, Atlantic County Prosecutor, attorney).
Mr. Steven I. Kaplan for defendant.
MANUEL H. GREENBERG, J.C.C., Temporarily Assigned.
This matter is before the court on application by defendant for an order compelling the State to return to him a certain shotgun now in its possession. The facts are not in dispute and may be summarized as follows:
Prior to January 4, 1969 defendant was the owner and possessor of a certain 12-gauge Winchester shotgun. He apparently had no firearms purchaser identification card and since the issue is not raised by the State it may be assumed that defendant acquired the weapon prior to the effective date of the statute imposing such requirement upon purchasers of shotguns, thereby obviating the requirement of such a card on the part of defendant. See State v. Repp, 129 N.J. Super. 588 (App. Div. 1974). On the date mentioned defendant was arrested on certain game law violation charges and the shotgun was seized by the arresting officers. In due course these charges were disposed of by pleas of guilty and fines were imposed. However, the shotgun was not returned to defendant despite his requests therefor. On January 17, 1975 defendant was indicted by a state grand jury on a charge of bookmaking. In due course defendant pleaded guilty to the charge and sentence was imposed on March 29, 1976.
Defendant contends that he is entitled to the return of the shotgun since the convictions of game law violations would not result in a forfeiture of the weapon under the authority of Sawran v. Lennon, 19 N.J. 606 (1955). While *550 the State does not contend that there would be a forfeiture of the shotgun under N.J.S.A. 2A:151-16, it does contend that it may not return it to defendant since such action on its part would violate the provisions of N.J.S.A. 2A:151-32(B), which section provides in part that
No person shall sell, give, transfer, assign or otherwise dispose of nor receive, purchase or otherwise acquire a rifle or shotgun unless the purchaser, assignee, donee, receiver or holder * * * possesses a valid firearms purchaser identification card. * * *
Defendant now having been convicted of a crime, he could not presently have issued to him such a card. N.J.S.A. 2A:151-33. Thus, if the State's contention is valid, the result is the somewhat anomalous situation of the weapon being in a type of limbo, not to be forfeited and not to be returned, at least in the absence of the court's fashioning some type of solution such as a sale of the weapon with the proceeds paid to defendant.
The question is whether the return of the weapon to its owner under the circumstances would constitute a disposition of it within the meaning of N.J.S.A. 2A:151-32(B). I conclude that it would not and that defendant is entitled to have the weapon returned to him. The statute must be read to contemplate that the transferee is acquiring some interest in the weapon that he did not have prior to the transfer. The obvious public interest lies in the registration requirement in such circumstances. Here defendant is the owner of and has for many years been entitled to possession of the shotgun. Delivery of the weapon is in no sense a disposition of it within the meaning of the statute but is merely a relinquishment by the State of its possession which has no legal basis. The State's argument has no more merit than a situation in which it contended that a recovered stolen weapon should not be returned by it to the owner on the same basis now urged. Moreover, it was the State's delay which caused the present *551 problem. Had the weapon been returned to defendant, as it should have been in 1969, he would now possess it legally.
If defendant had had a firearms purchaser identification card as of January 4, 1969, the date of its seizure, the State would not be able to raise its present argument. However, defendant's possession of the gun on that date was no less legal because of his lack of such card, State v. Repp, supra, and to deny him the return of the gun because he would not now qualify for the issuance of such card would be illogical.